## CIRCUIT COURT OF FAIRFAX COUNTY

Thomas L. Bosworth,
Personal Representative
of the Estate of
Barbara Jean Bosworth,
deceased

v.

Vornado Realty, L.P., et al.

February 28, 2012

Case No. CL-2010-11031

By Judge Jonathan C. Thacher

This matter came before the Court on September 30, 2011, upon Defendants' Motion to Compel Discovery Responses. After considering the pleadings and briefs filed by counsel and oral argument, the Court took the matter under advisement. For the reasons set forth below, Defendants' motion is granted in part and denied in part.

### Background

It is alleged in this action that, on September 13, 2008, Barbara J. Bosworth (the "Decedent"), then sixty years old, was abducted at gunpoint from the parking garage of Springfield Mall. The two attackers forced Mrs. Bosworth into her car and took her to a PDQ Mart convenience store in Prince William County, owned and operated by three of the Defendants in this suit: Jenny Shin, Jae Min Shin, and Karnail Singh. At the PDQ Mart, one of the attackers brought Mrs. Bosworth into the store at gunpoint, forced her to buy beer and then forced her to withdraw money from an ATM. A concerned customer dialed 911, but the attackers forced Mrs. Bosworth back into her car and fled before police could intervene. In their attempted escape, the attackers crashed the car, killing Mrs. Bosworth.

354

In this wrongful death lawsuit, Thomas Bosworth, the Decedent's husband and personal representative, alleges that Defendants were negligent in failing to call the police. Plaintiff claims damages of approximately $1,000,000, which includes an *ad damnum* claim for the Decedent's lost wages.

Defendants filed their first set of interrogatories and request for production on January 18, 2011. Plaintiffs objected to these discovery requests on the grounds these requests were overly broad. On March 18, 2011, Judge Terrence Ney sustained Plaintiff's objections, reasoning that Defendants discovery requests seeking information on the Decedent's debts and liabilities overstepped the damages provision of the Virginia Wrongful Death Act, Va. Code. § 8.01-52, which allows recovery for lost future income of a decedent. The Court granted leave to amend the discovery requests to focus on the Decedent's income and the extent to which Plaintiff expected to share in that income.

Defendants filed their second set of discovery requests, seeking the factual basis for Plaintiffs damages claim and documentary evidence of the Decedent's financial contributions to all statutory heirs dating back to January 1, 2005. Plaintiff objected to the discovery requests to the extent that they (1) went beyond the scope of Rule 4:1, (2) were overly broad, unduly burdensome, and vague, and (3) sought privileged information.

Defendants' Second Set of Interrogatories reads as follows:

(1) Please set out the facts upon which each statutory heir of the Decedent for whom you will claim damages for economic losses alleges to have suffered a financial or economic loss as a result of the incident that is the subject of this action.

(2) Please provide an itemized statement of each financial payment or contribution received from the Decedent, either directly or indirectly, by or for the benefit of each statutory heir of the Decedent for whom you will claim damages for economic losses for the period of January 1, 2005, to the present. Please include in your response the date of receipt of each such payment or contribution, the amount of each such payment or contribution, the form of the payment or contribution (such as cash, check, or direct deposit, and the reason for the payment or contribution).

Defendants' Second Request for Production of Documents reads as follows:

(1) Please produce all documents, records, and things that support your claim for damages for financial or economic losses for each statutory heir of the Decedent for whom you will assert such a claim.

(2) Please produce all documents, records, and things evidencing each financial payment or contribution received from the Decedent,

either directly or indirectly, by or for the benefit of each statutory heir of the Decedent for whom you will claim damages for financial or economic losses for the period of January 1, 2005, to the present.

Plaintiff nonetheless answered the second set of discovery requests, while preserving objections. In his answer to interrogatories, Plaintiff provided information about his expert witness, Dr. William Cobb, and a detailed account of how Dr. Cobb had derived the sum of approximately $1,000,000 in lost future income, including the Decedent's wages, social security entitlements, the estimated value of her household contributions, and the interest rates and assumptions used in the calculations. Plaintiff also provided the Decedent's W-2 forms dating back to 2005 and bank statements from June 20, 2008, to September 15, 2008, showing direct deposits of the Decedent's wages into a checking account shared between Plaintiff and the Decedent.

Defendants, in their current Motion to Compel Discovery Responses, now allege that Plaintiffs answers were not responsive. Plaintiff, in response, argues that he has fully answered and that Defendants have not stated a proper legal basis for how the answers are non-responsive.

## Analysis

### I. Standard of Review

The grant or denial of discovery requests is within the discretion of the circuit court and is reversible only where the court's action is "improvident and affect[s] substantial rights." *Nizan v. Wells Fargo Bank Minn. Nat'l Ass'n*, 274 Va. 481, 500, 650 S.E.2d 497 (2007); *Rakes v. Fulcher*, 210 Va. 542, 546, 172 S.E.2d 751 (1970).

### II. *Plaintiff's Objections to Discovery Requests*

A. *Scope of Discovery*

Plaintiffs first objection is that Defendants' interrogatories and requests for production of documents are outside the allowable scope of discovery requests under Virginia Supreme Court Rule 4:1.

Rule 4:1(b) defines the scope of discovery requests:

Parties may obtain discovery regarding *any* matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the party seeking discovery or to the claim or defense of any other party. . . .

(Emphasis added.)

According to Rule 4:8, "[i]nterrogatories may relate to any matters which can be inquired into under Rule 4:1(b)." Similarly, under Rule 4:9, requests for production may ask for "any designated tangible things which constitute or contain matters within the scope of Rule 4:1(b). . . ."

The plain language of Rule 4:1(b) is very broad and allows discovery requests, which are "relevant to the subject matter involved in the pending action." *See Nizan v. Wells Fargo Bank Minn. Nat'l Ass'n*, 274 Va. 481, 501, 650 S.E.2d 497 (2007).

The damages to Plaintiff are relevant to this wrongful death action. Under Va. Code § 8.01-52, an action for wrongful death may allege damages for the "reasonably expected loss of income of the decedent and services, protection, care, and assistance provided by the decedent." To have a valid claim of lost future income, under Va. Code § 8.01-52, Plaintiff must show that he is not only a statutory heir, but that he actually shared, and could reasonably expect to continue sharing, in the Decedent's income. *See Marshall v. Goughnour*, 221 Va. 265, 272-73, 269 S.E.2d 801 (1980).

Any interrogatories or requests for production which are relevant to either ascertaining the Decedent's income or the extent to which Plaintiff shared in that income are facially allowable.

Defendants in this case requested the factual basis for Plaintiff's claim of lost income and for documentary evidence to support it. The Court holds that these requests are within the scope of Virginia's discovery rules, and conform to the Court's earlier instruction to Defendants to limit the scope of their requests. As such, the Court overrules Plaintiff's objection as to the scope of Defendant's requests.

## B. *Undue Burden*

Plaintiff's second objection to Plaintiff's discovery requests is that they are overly broad, burdensome, or vague. Under Rule 4:1(b)(1), the Court shall limit "the frequency or extent" of discovery if it finds that the discovery requests are "unduly burdensome or expensive, taking into account the needs of the case, the amount in controversy, limitations on the parties' resources, and the importance of the issues at stake in the litigation."

Plaintiff, either in briefs submitted to the Court, or at hearing, has not stated any basis for the discovery requests being overly broad, burdensome, or vague. "[S]uch purely *pro forma* objections can be given but little weight." *Massey Energy Co. v. United Mine Workers of Am.*, 72 Va. Cir. 54, 58 (2006).

Defendants have asked for the factual basis of and documentary evidence to support Plaintiff's claim of lost income. While the requests ask for an itemized list of all financial contributions of the Decedent for a greater-than-three-year period, this is readily ascertainable as, by Plaintiff's own

admission, all financial contributions from the Decedent to her husband are found in the statements of their shared bank accounts. Discovery is often a painful and expensive part of litigation, but Plaintiff has not alleged why these requests are *unduly* burdensome on him. Considering the requirements in this case for Plaintiff to prove damages, the large amount in controversy, and the ready availability of electronic records, this Court decides, within its discretion, that Defendants' second set of interrogatories and requests for production are not overly broad, burdensome, or vague.

## C. *Privilege*

Plaintiff also objects to Defendants' discovery requests to the extent that they violate the attorney/client, interspousal communications, and work product privileges. Rule 4:1(b)(1) does not allow discovery of privileged information.

In this case, Plaintiff has not demonstrated how the Defendants' requests would require divulgence of privileged material. Therefore, this is another purely *pro forma* objection, and the Court overrules it.

## III. *Sufficiency of Response*

The final issue before the Court is whether Plaintiff sufficiently and adequately responded to Defendants' discovery requests. Defendants claim that Plaintiff was unresponsive both to Interrogatories One and Two and to Requests for Production One and Two. In both the interrogatories and requests for production, the first request relates to the factual basis of the damages amount, while the second request relates to evidence of financial contributions.

Interrogatory One asks for the factual basis of Plaintiff's damages claim. In response, Plaintiff identified his expert witness and set out a detailed account of the expected testimony.

A damages claim cannot rest solely on speculation and statistics. *See Vasquez v. Mabini*, 269 Va. 155, 159-61, 606 S.E.2d 809 (2005) (holding that the lower court abused its discretion by allowing expert testimony on damages where the testimony was based only on assumptions and statistics, which were not previously disclosed to opposing counsel in discovery). By presenting facts based on the personal circumstances of the parties involved and by setting out the assumptions used in calculating the damages, Plaintiff's response facially passes the test of *Vasquez*. *See Vasquez*, 269 Va. at 159-61 (2005). Plaintiff's answer seems facially to set out a valid damages claim, and Defendants have not alleged how or why this answer is non-responsive. Because Plaintiff's answer limits what he will be allowed to argue at trial, the Court finds the response adequate under the circumstances of this case.

Request for Production One asks for all documents that support the damages claim. Plaintiff responded with his expert witnesses' report, as well as the Decedent's social security income statements, W-2s, and bank statements. Once again, Plaintiff's answer limits what he will be allowed to present at trial. Therefore, the Court finds Plaintiff's answer to be adequate under the circumstances of this case.

Interrogatory Two asks for an itemized list of financial contributions from the Decedent to all statutory heirs claiming lost income. Plaintiff responded merely by reference to his answer to Interrogatory One. Plaintiff's answer is not responsive. Because the Court has found that the request is within the scope of Rule 4:1, because it is not unduly burdensome, and because the request does not require privileged information, the Court directs Plaintiff to answer Interrogatory Two.

Request for Production Two asks for documentary evidence of the Decedent's financial contributions to all statutory heirs, dating back to January 1, 2005. Plaintiff supplied only a sample of five months of bank statements from 2008. Again, Plaintiff fails to respond. Of course, a person could infer from the sample of bank statements, and the W-2s dating back to 2005, that the Decedent was financially contributing to the household since 2005; however, the request did not ask for inferential evidence. For the reasons stated above, the Court directs Plaintiff to answer Request for Production Two.

## Conclusion

For the foregoing reasons, Defendants' Motion to Compel is granted in part and denied in part. Additionally, Plaintiff's objections to Defendant's discovery requests are sustained and overruled as set forth above.